## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRANDON ROBERTS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-20-0340 |
| JEFFERY NINES, *Warden at N.B.C.I.*, *et al.*, | * | |
| | * | |
| Defendants. | *** | |

### MEMORANDUM

By Order of July 27, 2022 (ECF 45), the court directed defendants Nines, Morgan, Webb, and Lyons to respond to plaintiff's remaining claim concerning alleged unreasonable strip searches. In response, defendants moved to dismiss or, in the alternative, for summary judgment. ECF 55. Thereafter, plaintiff Brandon Roberts, who is self-represented, moved for discovery (ECF 63), supported by his affidavit. ECF 63-1. Plaintiff has also moved for an extension of time to respond to defendants' motion. ECF 64.

This Memorandum addresses only the discovery motion and the motion for an extension of time to respond. For the reasons that follow, I shall deny plaintiff's discovery request, without prejudice, and I shall grant his request for an extension of time.

Federal Rule of Civil Procedure 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts to justify its opposition, the court may:

   (1) Defer considering the motion or deny it;
   (2) Allow time to obtain affidavits or declarations or to take discovery; or
   (3) Issue any other appropriate order.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc.*,

637 F.3d 435, 448-49 (4th Cir. 2011). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the nonmovant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).

Notably, "'Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery.'" *Hamilton v. Mayor & City Council of Baltimore*, 807 F. Supp. 2d 331, 342 (D. Md. 2011) (quoting *Young v. UPS*, No. DKC-08-2586, 2011 WL 665321, at *20 (D. Md. Feb. 14, 2011)). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011), (alteration in original) (citation omitted), *rev'd on other grounds sub nom. Gardner v. Ally Fin., Inc.*, 514 F. App'x 378 (4th Cir. 2013). A nonmoving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.,* 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir. 2008), *cert. denied*, 555 U.S. 885 (2008).

Plaintiff contends that he was subjected to unreasonable strip searches during his transport for medical treatment from Jessup Correctional Institution ("JCI") to Maryland Correctional

Training Center ("MCTC") and ultimately to North Branch Correctional Institution ("NBCI"). ECF 8 at 3. Defendants, who are individuals in supervisory positions, essentially assert that plaintiff fails to allege their personal involvement in the strip searches, or provide allegations to establish supervisory liability. ECF 55-1 at 9. Further, defendants assert that plaintiff has failed to state a claim that the strip searches violated his constitutional rights. *Id.* at 10.

In his discovery motion, which is accompanied by an affidavit, plaintiff seeks: (1) a copy of "any video conference recording, fax report, email, teleconference recording disc or any tangible information related to any communications the warden at NBCI had with medical officials" related to his transfer to Bon Secours Hospital during the week prior to December 17, 2015 (ECF 63-3 at 1); (2) the names of the officers that transported him from NBCI to JCI, communications they received regarding his transfer and a copy of the "Bed Management Report" at MCTC during the relevant time period to determine if he spent the night at MCTC during his scheduled appointment at the hospital (ECF 63-3 at 2); (3) the name of the transporting officers who transferred him to JCI after his medical appointment and communications they received; (4) the names of the officers who transported him from JCI to NBCI and communications they received; and (5) a "record, report and/or invoice" of the dates and time when he was picked up and transferred from each facility. *Id.*

Plaintiff states that he needs the discovery related to his first request (communications the warden at NBCI had with medical officials related to his transfer to Bon Secours Hospital) because this will establish a "time-line and chain of events," determine the communications regarding the transfer, and establish "what role this defendant played that gave rise to the asserted violations." ECF 63-1 at 2. Presumably, plaintiff is attempting to discover facts indicating the personal involvement of the warden at NBCI in order to respond to defendants' argument that no such

3

involvement exists. But, plaintiff fails to explain how any communication between the warden and a medical official relates to his strip search claim or how the information is essential to his opposition. This is precisely the type of fishing expedition that courts have disallowed and must be denied here.

Next, plaintiff states that he needs discovery related to his remaining requests (the names of all officers, and their communications, pertaining to his transfers, and a bed management report) to determine if he spent the night at MCTC. It appears that plaintiff is trying to determine whether he spent the night at MCTC. However, this is information entirely of his own knowledge, and discovery is not necessary to present the information. Further, to the extent plaintiff is trying to establish the officers' "purpose" in stopping at MCTC, and the purpose of the stop at each facility, this information is not relevant to plaintiff's claims against the named defendants in this action. ECF 63-1 at 2.

In sum, plaintiff has not named any officers as defendants. And, he has not provided a sufficient reason why the requested discovery is needed in order to respond to the defendants' motion. As such, this request is denied.

Plaintiff filed a separate motion for extension of time in which to respond to defendants' motion, pending a decision on his motion for discovery. ECF 64. Plaintiff shall be granted an extension to respond to defendants' motion. Plaintiff shall file his response on or before January 3, 2023.

A separate Order follows.

Date: December 7, 2022                                         /s/
                                                        Ellen L. Hollander
                                                        United States District Judge